GUY, The JAMES. See Cases Nos. 7,195 and 7,196.

---

## Case No. 5,881.

### GUYON v. SERRELL et al.

[1 Blatchf. 244;[1] 1 Fish. Pat. Rep. 151.]

Circuit Court, S. D. New York. Oct. Term, 1847.

PATENTS—DISCLAIMER—DAMAGES FOR INFRINGEMENT.

1. Where a disclaimer under section 7 of the act of March 3, 1837 (5 Stat. 193), was filed by a patentee after he had commenced a suit on his patent: *Held*, that although under section 9 of the same act he was not entitled to costs of the suit, on a verdict in his favor, yet under section 14 of the act of July 4, 1836 (5

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

Stat. 123), the court had power to increase the amount of the verdict.

[Cited in Tuck v. Bramhill. Case No. 14,213; Smith v. Nichols, 21 Wall (88 U. S.) 117; Dunbar v. Meyers, 94 U. S. 194; Sessions v. Romadka, 145 U. S. 41, 12 Sup. Ct. 802.]

2. The actual damages are, as a general rule, all that can be reasonably claimed for the infringement of a patent, though cases may arise, where the circumstances are aggravated and such as to repel altogether the bona fides of the infringement, in which the power to increase the verdict should be exercised. Each case must depend upon its own circumstances.

[Cited in Welling v. La Bau, 35 Fed. 304.]

This was an action on the case [by Henry G. Guyon against William F. Serrell and James R. Hitchcock] for the infringement of letters patent granted to the plaintiff, July 2d, 1836, for an improvement "in the compound lever for pressing and raising substances." A disclaimer of part of the claim was filed in the patent office, November 4th, 1842, after the commencement of this suit. On the trial, the plaintiff recovered a verdict of $200, and now moved for an increase of the verdict under the 14th section of the act of July 4, 1836 (5 Stat. 123).

George R. J. Bowdoin, for plaintiff.
Abraham Crist, for defendants.

NELSON, Circuit Justice. The fourteenth section of the act of July 4th, 1836, empowers the court to render judgment for any sum above the amount found by the jury as the actual damages sustained by the plaintiff, not exceeding three times such amount, according to the circumstances of the case, with costs. The act of April 17, 1800 (2 Stat. 38, § 3) fixed the amount of the recovery at three times the actual damages sustained. It now rests in the discretion of the court.

The act of March 3, 1837 (5 Stat. 193, § 7), authorizes a disclaimer by the patentee, in cases where, through inadvertence, accident or mistake, the specification of his claim is too broad. It is not, however, to affect any action pending at the time of the filing of the disclaimer, except in respect to the question of unreasonable neglect or delay in filing the same. The ninth section of the same act allows an action to be maintained for an infringement of such part of the invention as may properly belong to the patentee, notwithstanding the claim may be too broad, if it be made to appear that the error occurred through mistake, and without wilful default, but provides that the plaintiff shall not be entitled to costs against the defendant, unless the disclaimer shall have been filed before the commencement of the suit.

In this case, the disclaimer was filed after the suit was brought, and, of course, the plaintiff is not entitled to costs; and it is urged, from the phraseology of the fourteenth section of the act of 1836, that the case is one in which the court has no power to increase the verdict. That section authorizes an increase to not exceeding three times the

amount, "with costs." Here no costs can be awarded. But costs follow, as a general rule, against the defendant, upon judgment being rendered· on a verdict against him for single or actual damages; and when the verdict is increased, the costs still remain a part of the judgment, as no power is given by the section to withhold them. They do not depend upon the power of the court to increase the verdict, but upon statute authority, wholly independent of such power. The power given to the court by the fourteenth section is a power only to increase the damages, and not a power over the costs. The words "with costs" add nothing, as the defendant was already liable for the costs, if liable for them at all. The increase of the verdict cannot operate either to award or to withhold them. The words were probably added, from abundant caution, to exclude any inference of an intention to limit the amount of the judgment to the precise sum as increased, which would have excluded the costs. The ninth section of the act of 1837 simply withholds costs in cases· where the disclaimer is not filed till after the commencement of the suit, leaving the damages unaffected. The rights of the plaintiff and the power of the court in respect to the damages remain the same as if costs were allowed. We are unable, therefore, to perceive any ground for denying the power of the court to increase the damages in this case under the fourteenth section of the act of 1836.

We think, however, that the provisions of the section afford ground for the consideration of the court in the exercise of their discretion upon this application. The party infringing the patent may·have been misled by the specification, and have honestly supposed that it was void, and afforded no protection ·to the patentee. The actual damages for the infringement would, therefore, seem, as a general rule, to be all that could be reasonably claimed. There may be exceptions. Cases may arise, where the circumstances are aggravated, and such as to repel altogether the bona fides of the infringement, in which the power to increase the verdict should be exercised. Each case must depend upon its own circumstances.

There is some evidence, here, tending to impeach the good faith of the defendants. But as they .abandoned their machine some time before the commencement of the suit, and have not since put it in operation, and as the damages recovered are, probably, .fully equal to the actual injury sustained after the machine was altered so as to infringe upon the plaintiff, we are of opinion, under all the circumstances, that the case is not one in which the court should interfere. The motion would not probably have been made if the plaintiff could have recovered costs, as there is nothing in the case, beyond this, to distinguish it particularly from others of this description occurring daily in the court. Motion denied, without costs.